UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS KING, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>CLEAR AND STRATEGIC LLC,<br><br>　　　　　　　　Defendant. | Case No.: 25-cv-0508-MMA-DEB<br><br>**NOTICE AND ORDER SETTING EARLY NEUTRAL EVALUATION CONFERENCE; RULE 26 COMPLIANCE; AND CASE MANAGEMENT CONFERENCE** |

　　　　Counsel, parties, and party representatives must appear for an Early Neutral Evaluation Conference ("ENE") in this case on **September 3, 2025** at **2:00 p.m.** before Magistrate Judge Daniel E. Butcher.[1] If the case does not settle during the ENE, the Court will hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P. 16(b) immediately following the conclusion of the ENE.

　　　　The Court sets a pre-ENE Status Conference on **August 13, 2025 at 1:30 p.m**. The Court will email counsel of record connection information prior to the (audio-only) Zoom conference.

---

[1] Participants must be available until 6:00 p.m. Pacific Time.

The following are **mandatory** guidelines for the parties preparing for the ENE and CMC. Absent express permission obtained from this Court, counsel must timely comply with the dates and deadlines herein. Failure to comply with this Order may result in sanctions under Fed. R. Civ. P. 16(f), Local Civil Rule 16.1.c., and/or Local Civil Rule 83.1.

1. **Review of Chambers Rules:** Counsel[2] must refer to the Civil Local Rules, the undersigned's Chambers Rules for Civil Cases, as well as the Chambers Rules of the assigned District Judge, which are accessible via the Court's website at www.casd.uscourts.gov.

2. **Purpose of the ENE:** The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the Magistrate Judge of every aspect of the lawsuit to achieve an early resolution of the case. Counsel attending the ENE are expected to have a command of the facts and applicable law. Counsel and the parties must come prepared to engage in a detailed discussion of the merits of their respective cases and engage in good faith settlement discussions. *All discussions during the ENE are informal, off the record, privileged, and confidential.* Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference.

3. **Full Settlement Authority Is Required:** Pursuant to Local Rule 16.1.c.1, all parties, party representatives, including claims adjusters for insured parties, and the principal attorney(s) responsible for the litigation must participate in the ENE.[3] This appearance must be made with full and unlimited authority to negotiate and enter into a

---

[2] As used herein, references to "counsel" or "attorney(s)" include any party representing himself or herself.

[3] The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

binding settlement.[4] For corporate entities, an authorized corporate representative who is not retained outside counsel must attend and must have full, unfettered discretionary authority to commit the company to pay an amount up to the amount of the plaintiff's prayer (excluding punitive damage prayers). The purpose of this requirement is to have representatives present who can settle the case during the conference without consulting a superior. If counsel or party representatives who are planning to participate in the ENE would need to communicate with *anyone else* for authority, approval, acceptance, agreement, or similar confirmation regarding a final resolution, that person is the client representative *who must be present* throughout the entire ENE.

Counsel for a government entity is excused from this requirement if the government attorney who participates in the ENE (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[4] Full authority to settle means that the individuals at the ENE Conference are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

4. **Procedure for Zoom Videoconference Appearance:** The Court will use its Zoom[5] video conferencing account to hold the ENE and CMC.[6] Prior to the start of the ENE, the Court will email counsel an invitation with the Zoom meeting hyperlink and password to participate in the ENE.[7]

Each participant should plan to join the Zoom video conference *at least five minutes before* the start of the ENE to ensure that the conference begins on time. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person one. The Court will separate parties into separate, confidential sessions, which Zoom calls Breakout Rooms.[8] In the Breakout Room, the Court will confidentially and individually communicate with participants. Breakout Rooms will also allow parties and counsel to communicate confidentially outside the presence of the Court.

---

[5] Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app. Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE. There is a cost-free option for creating a Zoom account. For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[6] Counsel may request the ENE and CMC be converted to an in-person appearance informally through a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

[7] Participants who do not have Zoom already installed on their device when they click on the Zoom meeting hyperlink will be prompted to download and install Zoom before proceeding.

[8] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

Counsel are responsible for ensuring their clients are able to participate in the ENE. All participants must display the same level of professionalism and attention during the ENE as if they were attending in person (e.g., not be driving while speaking, nor otherwise distracted). Attorneys are expected to dress as if they were appearing in Court. Participants are encouraged to use laptops or desktop computers for the video conference, if possible, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

If the case does not settle during the ENE, the Court will hold the CMC with counsel immediately following the ENE.

5. **Participant Information and Confidential ENE Statements Required:** No later than **August 27, 2025**, counsel for each party must send an e-mail to the Court at efile_butcher@casd.uscourts.gov containing the following:

a. The *name and title(s)/position(s) of each participant*, including counsel, all parties and party representatives, and claims adjusters;

b. An *e-mail address for each attorney participant* to receive the Zoom video conference invitation;

c. A *telephone number where each attorney participant* may be reached so that, if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference; and

d. A *Confidential ENE Statement*.[9] Confidential ENE Statements must not exceed seven (7) pages, excluding exhibits. If exhibits are attached, the parties

---

[9] The Court does not require ENE Statements to be served on other parties; however, the parties may elect to share their ENE Statements at their discretion. ***These statements are not to be filed on the CM/ECF system.***

are encouraged to highlight the relevant portions. Confidential ENE Statements must include:

    i. A brief description of the case and the claims and defenses asserted;

    ii. The party's position on liability and damages supported by relevant facts and controlling legal authority;

    iii. ***For plaintiff(s)***, a specific and current settlement demand addressing all relief sought, and the specific basis for that relief; and, ***for defendant(s)***, a specific and current offer and the bases for that offer ***(Note: a general statement that a party will "negotiate in good faith," "offer a nominal cash sum," or "be prepared to make a demand or offer at the conference" is not a specific demand or offer. If a specific demand or offer for settlement cannot be made at the ENE, state the reasons why and explain what additional information is required to make a settlement demand or offer.)***;

    iv. A brief description of any previous settlement negotiations or mediation efforts; and

    v. In appropriate cases, the parties are also encouraged to include as an attachment to the ENE Statement a chronology, setting forth a timeline of the factual events that are the basis for the claims and defenses asserted in this litigation. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT." The chronology is not included in the page limits applicable to ENE Statements and exhibits.

6. **Requests to Continue an ENE:** Civil Local Rule 16.1.c.1. requires the ENE take place within 45 days of the filing of the first Answer. Requests to continue the ENE, therefore, are strongly disfavored. A request for continuance may be initiated by counsel placing a joint call or email to the Court's chambers (efile_butcher@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference. Requests to continue the ENE

based on a pre-existing scheduling conflict must be made within 10 days of the issuance of this Order.

7. **Settlement Prior to the ENE:** If the parties resolve the case before the ENE, they must notify the Court immediately either by contacting chambers or filing a Notice of Settlement on the docket.

8. **Case Management Conference:** If the case does not settle during the ENE the Court will immediately proceed with the Case Management Conference ("CMC"). The parties are, therefore, ordered to comply with Fed. R. Civ. P. 26 and proceed with the initial disclosure process in advance of the CMC as follows:

    a. Initial disclosures, pursuant to Rule 26(a)(1)(A-D), must occur on or before **August 27, 2025**;

    b. Counsel must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **August 13, 2025**; and

    c. A Joint Discovery Plan must be filed on the CM/ECF system no later than **August 27, 2025**. The Joint Discovery Plan must be one document and must explicitly address all topics identified in Fed. R. Civ. P. 26(f)(3). In addition, the discovery plan must include:

        i. <u>Service</u>: Whether any parties remain to be served and a proposed deadline for service if any parties remain to be served;

        ii. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings;

        iii. <u>Protective Order</u>: Whether a protective order is contemplated to cover the exchange of confidential information and, if so, the date by which the proposed order will be submitted to the Court;

        iv. <u>Electronic Discovery</u>: In addition to the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C), the parties must represent they have reviewed the Checklist for Rule 26(f) Meet and Confer Regarding

Electronically Stored Information ("ESI")[10] and describe their agreements regarding methodologies for locating and producing electronically stored information and the production of metadata, and must identify any issues or agreements regarding electronically stored information that may not be reasonably accessible (*see* Fed. R. Civ. P. 26(b)(2)(B));

v.  Discovery: In addition to the Fed. R. Civ. P. 26(f)(3)(B) requirements, the parties must describe the discovery taken to date (if any) and any identified discovery disputes;

vi. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body;

vii. Scheduling: The parties need not propose a case schedule unless deviation from the following typical schedule is requested: fact discovery cut-off (typically 5 months after the CMC), expert designations and disclosures (6-7 months after the CMC), expert discovery cut-off (8 months after the CMC), dispositive motion filing cut-off (9 months after the CMC), filing class certification motion if class is alleged (this date varies among district judges and is usually 1 month before the fact discovery cutoff, and class discovery is not bifurcated), the Mandatory Settlement Conference (*see* CivLR 16.3) (just before fact discovery cutoff), pretrial conference (generally 4 months after dispositive motions are filed), and trial (1 month after the pretrial conference);[11]

viii. Trial: Whether the case will be tried to a jury or to the Court, and the expected length of the trial;

---

[10] The Checklist for Rule 26(f) Meet and Confer Regarding ESI can be found at https://www.casd.uscourts.gov/judges/butcher/docs/Electronically%20Stored%20Information%20Checklist.pdf

[11] These dates vary depending upon the district judge assigned to the case; dates will be announced at the CMC and set forth in a subsequently filed Scheduling Order. Parties may seek modifications to those dates upon a showing of good cause.

      ix.    <u>Professional Conduct</u>: Confirmation that all attorneys who will be listed in the pleadings or motions for any party have reviewed Local Rule 2.1 and agree to abide by the Court's Code of Conduct; and

      x.    <u>Miscellaneous</u>: Such other matters as may facilitate the just, speedy, and inexpensive disposition of the matter.

**9. <u>New Parties Must Be Notified by Plaintiff's Counsel:</u>** Plaintiff's counsel (or Defendant's if Plaintiff is pro se) must give notice of the ENE and CMC and provide a copy of this Order to parties responding to the complaint after the date of this notice.

Questions regarding this case or the mandatory guidelines set forth herein may be directed to Judge Butcher's law clerks at (619) 446-3704.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

**IT IS SO ORDERED.**

Dated: July 1, 2025

_____
Honorable Daniel E. Butcher
United States Magistrate Judge

## **NOTICE OF RIGHT TO CONSENT TO TRIAL**
## **BEFORE A UNITED STATES MAGISTRATE JUDGE**

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF IS RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY.  ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.